UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DeWAYNE SMITH,   )<br>  )<br>     Petitioner,   )<br>  )<br>v.   )<br>  )<br>CHRISTE QUICK, Warden,   )<br>Oklahoma State Penitentiary,   )<br>  )<br>     Respondent.   ) | Case No. CIV-09-293-D |

## ORDER

Before the Court is a letter from Petitioner requesting that his appointed counsel, Mark Henricksen, "be removed from [his] case." Letter of December 27, 2023 [Doc. No. 109] at 3. The Court construes the request as a motion to substitute counsel.

Petitioner's counsel has been appointed to assist him in his clemency proceeding pursuant to 18 U.S.C. § 3599(e). [Doc. No. 103]. Current counsel is Petitioner's second appointed lawyer, following his dissatisfaction with original counsel. Substitution of counsel under this statute is appropriate when it is in the interests of justice, and to warrant such substitution Petitioner must show good cause, such as a conflict of interest. *Martel v. Clair*, 565 U.S. 648, 663 (2012); *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005); *see also Christenson v. Roper*, 574 U.S. 373, 377 (2015) (explaining that 18 U.S.C. § 3599 does not entitle indigent defendants to "the right to counsel of their choice"). Here Petitioner cites to a perceived conflict of interest as the reason for his request, specifically Petitioner states that he intends to argue in his clemency hearing that he was underrepresented by his court-appointed trial attorneys. Petitioner alleges that Mr.

Henricksen's representation will compromise this argument because, in previously representing a different death row inmate in a federal habeas action, Mr. Henricksen refused to include an ineffective assistance of trial counsel claim against those same court-appointed attorneys.

Based upon the record before it, the Court finds that Petitioner has not shown that a substitution of counsel would be in the interests of justice. The Court further finds no conflict of interest in Mr. Henricksen's representation of Petitioner.[1] Accordingly, Petitioner's request is DENIED.

**IT IS SO ORDERED** this 2nd day of January, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The Court takes judicial notice of the petition that Mr. Henricksen previously filed for the other death row inmate and finds that he raised multiple claims of ineffective assistance of trial counsel. *See Glossip v. Sirmons*, 08-CV-326-HE (Petition, Nov. 3, 2008) [Doc. No. 25].