UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DeWAYNE SMITH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHRISTE QUICK, Warden, ) <br> Oklahoma State Penitentiary, ) <br> ) <br> Respondent. ) | Case No. CIV-09-293-D |

## **ORDER**

Before the Court is a motion by Petitioner's counsel filed *ex parte* and under seal, and requesting the opportunity to present the motion more fully in an *in camera* hearing. [Doc. No. 115]. Lead counsel, Mark Henricksen, was permitted to do so and the Court has considered both Mr. Henricksen's oral presentation and the written filing. For the reasons set forth below, counsel may not withdraw from their representation of Petitioner.

Following Petitioner's dissatisfaction with his original appointed counsel, on October 18, 2023, Petitioner's current counsel was appointed pursuant to 18 U.S.C. § 3599(e). [Doc. No. 103]. In late December, Petitioner requested removal of current counsel, which the Court denied. [Doc. Nos. 109, 110]. The Court is aware there is tension between Petitioner and current counsel, but the statute under which counsel was appointed does not contemplate withdrawal of counsel "[u]nless replaced by similarly qualified counsel," and Supreme Court jurisprudence makes clear such replacement may only be done if it is in the "interests of justice." 18 U.S.C. § 3599(e); *Martel v. Clair*, 565 U.S. 648, 663 (2012); *see also Christenson v. Roper*, 574 U.S. 373, 377 (2015) (explaining that

18 U.S.C. § 3599 does not entitle indigent defendants to "the right to counsel of their choice"). There has been no suggestion that current counsel be replaced by similarly qualified counsel. And even if such replacement had been proposed, with the impending deadlines of Petitioner's clemency hearing packet due on February 16th and Petitioner's clemency hearing set for March 6th, doing so at this late date would not be in the interest of justice.

Moreover, as § 3599(e) dictates that counsel "shall" represent Petitioner in "proceedings for executive or other clemency as may be available to the defendant," current counsel's appointment extends for the duration of Petitioner's clemency proceeding. 18 U.S.C. § 3599(e).[1] And with respect to that proceeding, the Oklahoma Pardon and Parole Board's Procedures indicate that Petitioner is to be represented in preparation for and during his clemency hearing by a Legal Representative for the Offender, defined as "a person or persons who is licensed to practice law and appointed or authorized to represent the Offender." Okla. Admin. Code § 515:10-1-2. Petitioner's counsel clearly qualify as his Legal Representative and the Board Procedures clearly set forth counsel's responsibilities, including writing and submitting the clemency hearing packet, receiving forty minutes to make a presentation to the Board, and deciding whether

---

[1] Counsel appointed under § 3599(e) "shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." 18 U.S.C.A. § 3599(e).

to reserve any of that time for rebuttal. *Id.* §§ 515:10-1-2, 10-5-1, 10-5-2. Additionally, if Petitioner desires that others also speak on his behalf at the clemency hearing, counsel, in cooperation with such person(s), may allocate time to them to do so. *Id.* § 515:10-5-2. The Court is confident that Petitioner's counsel are more than capable of fulfilling the responsibilities for which they have been appointed.[2] Accordingly, counsel's motion is DENIED.

**IT IS SO ORDERED** this 14th day of February, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] In light of "the seriousness of the possible penalty and the unique and complex nature of the litigation," § 3599 reflects Congress' efforts to provide "enhanced rights of representation" and "quality legal representation" for habeas petitioners facing execution. *Martel*, 565 U.S. at 659 (internal quotation marks omitted and alteration incorporated); 18 U.S.C. § 3599(d).